UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GERALD GARZA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SHERIFF LARRY TAYLOR, BENTON COUNTY JAIL, CPT. DANIELS, SHERIFF KEANE, DR. COOPER, RN BESSIE, BENTON COUNTY HEALTH DEPARTMENT and ARNP SUSAN POWERS BRAN,<br><br>　　　　Defendants. | NO.  CV-11-5010-EFS<br><br>**ORDER DENYING MOTIONS AND DISMISSING FIRST AMENDED COMPLAINT**<br><br>**1915(g)** |

　　Before the Court, without oral argument, are a letter received April 12, 2011, which the Court liberally construed as a Motion for Appointment of Counsel, ECF No. 16, and a document titled, "Request for Counsel," received April 26, 2011, also construed as a Motion for Appointment of Counsel, ECF No. 19.  Plaintiff failed to note his motions for calendar (and he did not present memoranda in support of his motions) as required by Local Rule for the Eastern District of Washington (LR) 7.1(h).  Since this is the first time Plaintiff has failed to do so, the Court noted his motions for him on the date signed below. PLAINTIFF IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

**APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel. This Court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted).

Plaintiff simply asks for assistance with further litigation. The record does not reflect exceptional circumstances which warrant the appointment of counsel to assist Plaintiff at this time. Therefore, **IT IS ORDERED:** Plaintiff's Motions for appointment of counsel, ECF Nos. 16 & 19, are **DENIED.**

**FIRST AMENDED COMPLAINT**

On May 2, 2011, Plaintiff submitted a First Amended Complaint and two Memoranda of Law in Support, ECF Nos. 20, 21, & 22. On May 3, 2011, Plaintiff submitted a third Memorandum, ECF No. 23. After review of Plaintiff's submissions, the Court finds the First Amended Complaint fails to cure the deficiencies of the original complaint.

Plaintiff states on July 8, 2010, he was poked in the back and on his finger by a tattoo needle hidden in a jail issued mattress. He contends, contrary to policy, the mattress had not been inspected for contraband. Plaintiff admits he was immediately transported to medical following discovery of the needle with ink and blood on it.

Plaintiff complains Defendant "Nurse Bessie" initially stated she could not help Plaintiff because she did not have proper training for

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

"air-borne communicable diseases." Nevertheless, she assisted Plaintiff as he swabbed an alleged puncture wound in his back with alcohol pads. Plaintiff states he squeezed his finger to force blood out and applied a band-aide.  Plaintiff indicates Defendant Benton County Health Department was contacted the next day and he was taken to the hospital where he was given a test and shots for Hepatitis, HIV, and Tetanus. Plaintiff states eight vials of blood were also drawn for more testing. Plaintiff indicates he received further shots and blood work 30 days and six months later.

   He states the first two tests came back negative, but the six month test "came back positive for HAVAB."  He states he has "continued to request further test and medication which 'they' refuse."  Plaintiff does not identify "they," or what further tests and medications had been deemed medically necessary.

   Plaintiff claims Defendant Cpt. Daniels assured him the bills for hospital and lab work would be paid, but they were not paid and were forwarded to a collection agency.  Plaintiff states he has scars on his back and finger, and the bills are incurring daily interest.  He claims he has acquired physical injuries as well as emotional injury.  He seeks monetary damages for alleged negligence.

   Plaintiff attached the results of his blood work, as well as correspondence from Defendant Captain Daniel and a Risk Manager regarding the medical bills, as exhibits to his First Amended Complaint, ECF No. 20, at 8-14.  In a response to kites and grievances dated January 28, 2011, Defendant Daniel expressly stated, "Benton County intends to pay the bills related to the July 8, 2010 incident regarding

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

you being poked by a concealed tattoo needle." ECF No. 20, at 9.

Defendant Daniel also notified Plaintiff on February 17, 2011, that one bill from Kennewick General Hospital had been paid, and that another unpaid bill had been removed from collections and would be sent to Benton County, ECF No. 20, at 10. The collection notices Plaintiff attached to the First Amended Complaint are from December 23, 2010, and January 10, 2010 . *Id.* at 20-21. Plaintiff was clearly instructed if he did receive further bills surrounding the incident to forward them to the Benton County Jail. *Id.* at 9. Plaintiff's exhibits do not show a refusal to pay these medical bills.

Test results from blood drawn on January 20, 2011, state "CURRENT OR PAST HAV INFECTION. PAST HBV INFECTION OR VACCINATION. NO SEROLOGIC EVIDENCE OF HCV INFECTION." This result is consistent with the medical records indicating Mr. Garza received a Hepatitis B vaccine on August 9, 2010, ECF No. 20, at 16. Plaintiff's exhibits do not support any contention he contracted Hepatitis C. Plaintiff has shown he received medical care, treatment, and testing within 48 hours of his injuries. He also received follow-up testing as indicated. Plaintiff has failed to present facts showing identified Defendants were deliberately indifferent to his serious medical needs. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). At worst, Plaintiff alleged a negligent exposure to bio-medical hazzards. Negligence, however, is not actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

The Court finds Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted in the Federal District Court.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 4

Accordingly, **IT IS ORDERED**: the First Amended Complaint, ECF No. 20, is **DISMISSED** under **28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1),** but without prejudice to seeking appropriate remedies in the Washington State courts.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 18th day of May 2011.

                              s/Edward F. Shea
                            EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2011\11cv5010efs-5-18-dis1915g.wpd

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 5